UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL T. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00013-JRS-DLP |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Michael Robinson is a prisoner at Miami Correctional Facility. He brings this lawsuit alleging that he was exposed to workplace contaminants without adequate protective equipment when he was a prisoner-employee at Wabash Valley Correctional Facility. He also brings claims for retaliation, excessive force, and failure to protect. The defendants have filed a motion for summary judgment arguing that Mr. Robinson did not exhaust his available administrative remedies before filing suit. For the reasons explained below, the motion for summary judgment is **GRANTED** and the case is **DISMISSED without prejudice**.

**I. SUMMARY JUDGMENT STANDARD**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. BACKGROUND

### A. Mr. Robinson's Claims

The complaint makes the following allegations. Mr. Robinson was employed as a prison maintenance worker for approximately four years. During that time, he was denied personal protective equipment and was exposed to dangerous workplace contaminants, including asbestos, cement dust, fiberglass insulation, rust, mold, and aerosol paint and metal. As a result of this exposure, Mr. Robinson has suffered damage to his lungs, stomach, eyes, ears, and skin. Defendants Brown, Gilmore, Littlejohn, Russell, and Mitchell were aware of these conditions but took no action to provide him with a safe workplace environment. *See* dkt. 1, pp. 4-5 (complaint); dkt. 10, p. 2 (screening order).

Mr. Robinson also alleges that prison officials engaged in a pattern of retaliation against him for his use of the grievance process. Defendants Fischer, Gilmore, and Russell worked together to deprive him of prison employment, programming opportunities, and law library access. They also subjected him to frequent strip searches. During these strip searches, Franklen would sexually assault Mr. Robinson by fondling his genitals. Fischer knew that Franklen was sexually assaulting Mr. Robinson but took no action to prevent it. *See* dkt. 1, pp. 16-17; dkt. 10, p. 3.

Based on these allegations, Mr. Robinson is proceeding on Eighth Amendment workplace safety claims against Brown, Gilmore, Littlejohn, Russell, and Mitchell in their individual capacities. He is proceeding on First Amendment retaliation claims against Gilmore, Russell, and Fischer in their individual capacities. He is proceeding on an Eighth Amendment excessive force claim against Franklen in his individual capacity and on an Eighth Amendment failure to protect claim against Fischer in his individual capacity. *See* dkt. 10, pp. 3-4.

### B. The Grievance Process

The Indiana Department of Correction (IDOC) maintains an offender grievance process. Dkt. 18-2. To complete the grievance process, inmates must file a formal grievance, followed by a facility-level appeal, followed by a department-level appeal. *Id.* at 3, 9-13. The formal grievance must be submitted within 10 business days of the underlying incident. *Id.* at 9.

### C. Mr. Robinson's Grievances

On April 5, 2019, Mr. Robinson submitted a formal grievance stating that he was exposed to environmental workplace hazards at Wabash Valley on March 20, 2019. Dkt. 18-6, p. 3. The grievance was rejected as untimely because Mr. Robinson waited more than 10 business days to submit the grievance. *Id.* at 1.

On March 20, 2020, Mr. Robinson submitted a formal grievance stating that he was subjected to unreasonable strip searches on a daily basis. Dkt. 18-4, p. 5. This grievance was accepted and denied on the merits. *Id.* at 3. Mr. Robinson indicated that he wanted to appeal this decision, and prison officials sent him a facility-level appeal form. *Id.* at 1, 2. However, Mr. Robinson did not submit a facility-level appeal for this grievance. Dkt. 18-1, para. 27.

On March 6, 2020, Mr. Robinson submitted another grievance regarding the strip searches. Dkt. 18-5, p. 2. The grievance specialist received this grievance on March 25, 2020. *Id.* at 1. The grievance was rejected as duplicative of the grievance submitted on March 20, 2020. *Id.*

The defendants have submitted a sworn affidavit from Thomas Wellington, the grievance manager at Wabash Valley. *See* dkt. 18-1. Mr. Wellington states that he reviewed Mr. Robinson's grievance history and is not aware of any additional grievances related to the claims in this lawsuit. *Id.* at para. 30. He also states that all inmates are informed about the grievance process during orientation. *Id.* at para. 11. Mr. Robinson's grievance history shows that he has successfully submitted formal grievances and grievance appeals on multiple occasions from 2009 to 2021. *See* dkt. 18-3.

### III. DISCUSSION

#### A. Exhaustion Standard

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e. The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). The PLRA does not require inmates to submit multiple grievances to report a continuing harm or issue. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Nor does the PLRA require inmates to submit separate grievances for every defendant ultimately sued. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90.

Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a facility may waive certain procedural requirements by accepting and reviewing the grievance on the merits, rather than rejecting the grievance on procedural grounds such as timeliness. *See Maddox v. Love*, 655 F.3d at 722; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

### B. The Parties' Arguments

The defendants argue that Mr. Robinson failed to exhaust his available administrative remedies and that all claims should be dismissed without prejudice. Dkt. 18. They specifically note that he did not submit a timely grievance for his workplace safety claims and did not submit a facility-level appeal for his retaliation, excessive force, or failure to protect claims. *Id.*

Mr. Robinson responds that the grievance process was not available to him because IDOC staff members regularly impede inmates' use of the grievance process by refusing to process grievances and destroying all traces of the grievances for future litigation. Dkt. 25. Mr. Robinson has also submitted an exhibit in opposition to the summary judgment motion. *See* dkt. 25-1. This exhibit includes Request for Interview forms seeking clarification on the use of the grievance process, all of which were returned with substantive responses by prison staff, *id.* at 1, 9, 12, 13, 15, 17; Mr. Robinson's sworn affidavit stating that he has "personally been adversely [a]ffected by the grievance program multiple times by grievance staff informing me I ran out of time to file after inquiring where is my informal grievance needed to proceed or staff verbally informing me I need

5

to stop filing complaints," *id* at 2-3; correspondence with prison officials about the grievance process, *id* at 4-7, 10, 14, 16, 18, 19; a list of grievable and non-grievable issues, *id.* at 8; a filing from an unrelated lawsuit titled "Request for Staff Policy Adherence" that complains about a prison law library employee, *id* at 20-22; several Return of Grievance forms, none of which are related to the claims in this case, *id* at 23-25; and a letter to the Indiana Attorney General's Office complaining generally about tactics to frustrate inmates' use of the grievance process, *id.* at 26-28.

### C.  Mr. Robinson Failed to Exhaust his Available Administrative Remedies

The undisputed evidence is that IDOC maintains a grievance process, that Mr. Robinson was informed about the grievance process, that Mr. Robinson was given access to the relevant grievance forms, and that Mr. Robinson failed to complete the grievance process for the claims in this lawsuit. He failed to submit a timely grievance for his workplace safety claims, and he failed to submit a facility-level appeal for his retaliation, excessive force, and failure to protect claims.

The evidence Mr. Robinson has submitted in opposition to the motion for summary judgment does not create a genuine dispute of material fact. To the extent his own statements are admissible, they merely relate to general complaints about the administration of the grievance process. None of this evidence shows that he was prevented from filing a timely grievance or a facility-level appeal for the specific claims he presents in this lawsuit. Thus, there is no evidence that he was prevented *in this instance* from completing the grievance process due to misconduct by prison officials. Accordingly, the motion for summary judgment is **GRANTED**.

### IV. CONCLUSION

The motion for summary judgment, dkt. [18], is **GRANTED**. Mr. Robinson's motion for a *Pavey* hearing, dkt. [23], is **DENIED as moot**. Mr. Robinson's motions for a temporary restraining order and a preliminary injunction, dkts. [32] and [35], are also **DENIED as moot**. His motion

asking the Court to identify errors in his response to the motion for summary judgment, dkt. [27], is **DENIED as a request for legal advice**, which the Court cannot provide. His motion to amend the complaint to include a claim about a retaliatory facility transfer, dkt. [30], is **DENIED** because those potential claims are unrelated to the claims in this lawsuit and must therefore be brought in a separate action.

Final judgment in accordance with this Order and the Order at dkt. 10 shall now issue.

**IT IS SO ORDERED**.

Date:   1/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL T. ROBINSON
963827
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov